

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

MAY - 9 2006

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

UNITED STATES OF AMERICA      §
                              §
v.                            §      No.
                              §
JOHN GEORGELAS                §

**3 0 6 CR 0 1 4 6 - G**

## PLEA AGREEMENT

John Georgelas (Georgelas), the defendant's attorney, and the United States of

America (the government), agree as follows:

1.   **Rights of the defendant**:  Georgelas understands that he has the rights

    a.    to plead not guilty;

    b.    to have a trial by jury;

    c.    to have his guilt proven beyond a reasonable doubt;

    d.    to confront and cross-examine witnesses and to call witnesses in his
        defense; and

    e.    against compelled self-incrimination.

2.   **Waiver of rights and plea of guilty**:  Georgelas waives these rights and

pleads guilty to the offense alleged in Count One of the Information, charging a violation

of 18 U.S.C. §§ 1030(a)(5)(A)(ii) and 1030(a)(5)(B)(i), that is, knowingly and

intentionally accessing a protected computer without authorization and recklessly causing

damage.  Georgelas understands the nature and elements of the crime to which he is

pleading guilty, and agrees that the factual resume he has signed is true and will be

submitted as evidence.

**Plea Agreement - Page 1**

3.    **Sentence**:   The maximum penalties the Court can impose include:

    a.    imprisonment for a period not to exceed 5 years;

    b.    a fine not to exceed $ 250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c.    a term of supervised release of not more than 3 years, nor less than 2 years, which may be mandatory under the law and will follow any term of imprisonment. If Georgelas violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100;

    e.    restitution to victims or to the community, which may be mandatory under the law, and which Georgelas agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    f.    costs of incarceration and supervision.

4.    **Court's sentencing discretion and role of the Guidelines**:   Georgelas understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only.   Georgelas has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Georgelas will not be allowed to withdraw his plea if his sentence is higher than expected. Georgelas fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.    **Mandatory special assessment:**    Prior to sentencing, Georgelas agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6.    **Defendant's cooperation:**    Georgelas shall cooperate with the government by giving truthful and complete information and/or testimony concerning his participation in the offense of conviction and knowledge of criminal activities.  Upon demand, Georgelas shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.  The government will advise the Court of the extent of Georgelas's cooperation.

7.    **Government's agreement:**    The government will not bring any additional charges against Georgelas based upon the conduct underlying and related to charges in the Information. If, in its sole discretion, the government determines that Georgelas has provided substantial assistance in the investigation or prosecution of others, it will file a motion urging sentencing consideration for that assistance. Whether and to what extent to grant the motion are matters solely within the Court's discretion.  This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Georgelas or any property.

8.    **Defendant's voluntary forfeiture:** Georgelas voluntarily surrenders for forfeiture to the United States, Federal Bureau of Investigation, his ownership interest in any personal computers, computer peripherals, monitors, discs, CD-Roms, videotapes,

Plea Agreement - Page 3

software and equipment of any type which were seized from his automobile and residence pursuant to search warrant on April 14, 2006, including the following: Samsung SV 4002H Hard Drive, USB Flash Drive 64 MB, Maxtor 40GB Hard Drive, RCA Digital Voice Recorder, Dell Laptop with Power Adaptor (Serial No. PNJ7301A03), JP Pavilion CPU, Samsung Hard Drive, USB Flash Drive 64 MB (green), Fujitsu HP Model MHS2040AT, Nethigh Street .Com Hard Drive, Net Gear Wireless Router, and Dell Laptop Computer with Power Adaptor (Serial No. 3640223105). The defendant further agrees that such property shall be destroyed by the government or retained for official use.

9. **Violation of agreement**: Georgelas understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Georgelas for all offenses of which it has knowledge. In such event, Georgelas waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Georgelas also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Waiver of right to appeal or otherwise challenge sentence**: Georgelas waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from

Plea Agreement - Page 4

his conviction and sentence.  He further waives his right to contest his conviction and

sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and

28 U.S.C. § 2255.  Georgelas, however, reserves the rights (a) to bring a direct appeal of

(i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at

sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c)

to bring a claim of ineffective assistance of counsel.

      12.    **Representation of counsel**: Georgelas has thoroughly reviewed all legal

and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's

legal representation.  Georgelas has received from his lawyer explanations satisfactory to

him concerning each paragraph of this plea agreement, each of his rights affected by this

agreement, and the alternatives available to him other than entering into this agreement.

Because he concedes that he is guilty, and after conferring with his lawyer, Georgelas has

concluded that it is in his best interest to enter into this plea agreement and all its terms,

rather than to proceed to trial in this case.

13.   **Entirety of agreement**:   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 5th day of ___May___, 2006.

RICHARD B. ROPER
UNITED STATES ATTORNEY

_____
JOHN GEORGELAS
Defendant

LINDA C. GROVES
Assistant United States Attorney
Texas State Bar No. 08553100
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214.659.8600
Facsimile:   214.767.2846

_____
JOHN NICHOLSON
Assistant Federal Public Defender
Bar No. 24013240   State TX
525 Griffin, Suite 629
Dallas, Texas 75202
Telephone: 214.767.2746
Facsimile:  214.767.2886

Plea Agreement – Page 6

## DEFENDANT'S VERIFICATION

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____          5-5-06
JOHN GEORGELAS                            _____
Defendant                                 Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____          5-5-06
JOHN NICHOLSON                            _____
Assistant Federal Public Defender         Date
Attorney for John Georgelas