ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 9 2006
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | No. 3 06 CR 0146 - G |
| | § | |
| JOHN GEORGELAS | § | |

## FACTUAL RESUME

John Georgelas (Georgelas), the defendant's attorney, and the United States of America (the government), agree as follows:

### ESSENTIAL ELEMENTS

The essential elements of a violation of 18 U.S.C. §§1030(a)(5)(A)(ii) and 1030(a)(5)(B)(i) (knowingly and intentionally accessing a protected computer without authorization and recklessly causing damage) are the following:

FIRST:      That the defendant accessed a computer without authorization to do so;

SECOND:   That the defendant acted intentionally;

THIRD:     That the computer was a protected computer as defined at 18 U.S.C. § 1030(e)(2)(B) which is used in interstate or foreign commerce or communication;

FOURTH:  That as a result of the defendant's conduct, damage resulted causing a loss to one or more persons, or resulting from a related course of conduct affecting 1 or more other protected computers, during any 1-

Georgelas Factual Resume - Page 1

year period aggregating at least $5,000 in value.

## FACTUAL STIPULATIONS

1. At all times pertinent to the Information, Georgelas was an employee of Rackspace Managed Hosting (Rackspace), at the Rackspace Dallas/Fort Worth (DFW) Datacenter facility in Grapevine, Texas. Georgelas was employed as a Datacenter Operations Technician, and as such, he was authorized solely to help maintain the DFW datacenter servers and to assist customers who leased servers at that location. He was not authorized to access Rackspace customer servers prior to receiving a "trouble ticket" or customer complaint, and he was not authorized to access Rackspace servers to obtain customer passwords, except for the limited purpose of responding to trouble tickets. Georgelas was authorized to respond only to trouble tickets for the Rackspace DFW Datacenter.

2. On or about April 8, 2006, Georgelas using his work issued computer at the Rackspace DFW Datacenter, accessed a San Antonio, Texas Rackspace computer server to search for and access the passwords for a Rackspace customer, the American Israel Public Affairs Committee (AIPAC.org). Georgelas had not received a trouble ticket for AIPAC.org. Georgelas was not authorized to access the Rackspace servers at the Rackspace San Antonio Datacenter on that occasion for that purpose, and he acted knowingly and intentionally by exceeding his authorized access. Georgelas accessed the Rackspace server, and upon learning the AIPAC.org passwords, formed the intent to cause damage to the AIPAC.org website at a future date.

3. The computer server which Georgelas accessed at the San Antonio datacenter as described in paragraph 2 above, was a protected computer used in interstate and foreign commerce as defined in 18 U.S.C. § 1030(e)(2)(B).

4. As a result of Georgelas's conduct described in paragraph 2 above, the Rackspace server system integrity was impaired and damaged, resulting in a loss to Rackspace of more than $40,000.

AGREED TO AND SIGNED this 5th day of May, 2006.

JOHN GEORGELAS
Defendant

RICHARD B. ROPER
UNITED STATES ATTORNEY

LINDA C. GROVES
Assistant United States Attorney
Texas State Bar No. 08553100
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600
Facsimile: 214.767.2846

JOHN NICHOLSON
Asst Federal Public Defender
Bar No. 24013240 State TX
525 Griffin, Suite 629
Dallas, Texas 75202
Telephone: 214.767.2746
Facsimile: 214.767.2886